IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DAMEY LOUIS LOVER, <br> TDCJ ID No. 1437126, <br> SID No. 05151992, <br><br> Plaintiff, <br><br> v. <br><br> DR. TERRANCE ROSE,[1] <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 5:14-CV-00018-C <br><br> ECF |

## ORDER

Plaintiff Damey Louis Lover, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Denise DeShields and Terrance Rose for alleged violations of his constitutional rights when he was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division Price Daniel Unit ("Daniel[2] Unit"). Plaintiff was subsequently granted permission to proceed *in forma pauperis*. Plaintiff specifically alleges that the named defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

---

[1] All defendants except Dr. Terrance Rose were dismissed from this civil action by Order and Judgement dated July 9, 2014; therefore, the caption of the case should have been changed to "Damey Louis Lover v. Dr. Terrance Rose," to reflect that Dr. Rose is the only defendant remaining in this case.

[2] In the Report and Recommendation, the Magistrate Judge inadvertently refers to the Price Daniel Unit as the "Price Unit." Because many of the TDCJ units are named after individuals, it is common practice to refer to the units by the last name of the individual, such as, the Preston Smith Unit is referred to as the "Smith Unit," the John T. Montford Unit is referred to as the "Montford Unit," and the Price Daniel Unit is referred to as the "Daniel Unit."

1

The complaint was transferred to the docket of the United States Magistrate Judge, who ordered authenticated copies of Plaintiff's prison records that were relevant to his complaint and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on April 15, 2014, which was terminated early because of technical difficulties. Plaintiff then complied with the Magistrate Judge's Order to answer a questionnaire by filing his answers on May 12, 2014. Plaintiff consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) on April 15, 2014.

By Order and Judgment dated July 9, 2014, the Magistrate Judge dismissed Defendant Dr. Denise DeShields from this civil action and ordered Defendant Dr. Terrance Rose to file an answer. Defendant Rose filed an Answer and Jury Demand on August 7, 2014.

When Dr. Rose failed to consent to the Magistrate Judge's jurisdiction, the Magistrate Judge filed a Report and Recommendation on October 27, 2014. Plaintiff did not file a response or objections to the Report and Recommendation.

This Court has made an independent examination of the pleadings and the record in this case and finds that the Magistrate Judge's Report and Recommendation should be ADOPTED.

It is, therefore, **ORDERED** that pursuant to Fed. R. Civ. P. 16(b), the Court establishes the following schedule:

(1)  All motions to join other parties and amend the pleadings must be filed by 3:00 p.m. on March 5, 2015.

(2)  All other pretrial motions, including motions for summary judgment, must be filed, with supporting briefs, by 3:00 p.m. on April 6, 2015, and any response must be filed by 3:00 p.m. on May 6, 2015.

(3)  All discovery must be completed by 3:00 p.m. on March 5, 2015, as follows:

(a) Defendant(s) shall disclose to Plaintiff all records of the incidents forming the basis of Plaintiff's complaint, which records shall include, but shall not be limited to the following:

    (i) Plaintiff's medical records pertaining to the incidents made the basis of Plaintiff's complaint, which medical records shall include Plaintiff's records from any TDCJ unit at which he received medical examinations or treatment pertaining to Plaintiff's claims.

    (ii) Plaintiff's grievances filed for the six-month period surrounding the incident date(s).

(b) All parties shall disclose the following:

    (i) The name and, if known, the address or employment station of each person likely to have information that bears significantly on any claim or defense.

    (ii) As to each person named in response to paragraph (3)(b)(i) above, a brief summary of the substance of the information known by the person.

**There shall be no further discovery without leave of the Court.**

(4) All parties will be notified by separate order of the date of trial and the date for filing the proposed pretrial order.

(5) Counsel and unrepresented parties are referred to the Local Rules of the Northern District of Texas, the Civil Justice Cost and Delay Reduction Plan of the Northern District of Texas, and the Local Rules of this Court.

DATED December __8__, 2014.

*/s/ Sam R. Cummings*
SAM R. CUMMINGS
United States District Judge